[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and defendant were married at New London, Connecticut, on December 21, 1984. Both have resided in the State of Connecticut continuously for at least one year up to the date of the filing of the complaint.
No children were born to the wife during the course of the marriage and neither of the parties are receiving, or have received, state or local welfare assistance.
These proceedings have had a rather convoluted history. A dissolution was entered on January 3, 1991, and certain orders were entered by the Court. The husband testified that he did not appear because he had an oral agreement with the plaintiff as to the disposition of their properties. The wife denies that such an agreement as testified to by the husband ever existed. This Court, after hearing, set aside the judgment of January 3, 1991, and ordered a new trial.
The Court need not elaborate its specific findings. Suffice it to say that all of the criteria of Connecticut General Statutes Sections 46b-81 and 46b-82 have been carefully considered and the Court orders as follows:
(1) Decree of dissolution may enter. CT Page 10065
(2) The husband shall pay to the wife the sum of $20 per week as periodic alimony for a period of two years, which payment shall sooner terminate in the event of the wife's death, remarriage or cohabitation. Alimony shall be non-modifiable as to term.
(3) The husband shall transfer all of his right, title and interest in the BMW to the wife and he shall be responsible for the payment of the outstanding loan balance and shall hold the husband harmless and indemnify him.
(4) The wife shall be responsible for the payment of all mortgages on the marital home and shall hold the husband harmless and indemnify him.
Mihalakos, J.